# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | Case No.: 2:12-cr-00083-APG-GWF |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION TO REDUCE SENTENCE** |
| v. | |
| OMAR BUTT, | [ECF No. 541] |
| Defendant. | |

Defendant Omar Butt pleaded guilty to one count of conspiracy in connection with the Carder.su criminal organization. I sentenced him to 55 months in custody, to be served consecutive to a 40-month sentence imposed by the United States District Court for the Southern District of Texas in an unrelated case. Butt is currently scheduled to be released from custody on December 7, 2022. He now moves for compassionate release under 18 U.SC. § 3582(c)(1)(A), claiming that FCI Loretto where he is housed is "plagued by a severe COVID-19 outbreak," and he has a compromised immune system. ECF No. 541 at 1. The United States opposes the request.

The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i) allows me to reduce a sentence based on "extraordinary and compelling reasons."[1] I must consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable," and any sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission," including the requirement that the defendant "is not a danger to the safety of any other person or to the community." 18 U.S.C. § 3582(c)(1)(A)(i) (referring to U.S.S.G. § 1B1.13(2)).

---

[1] Butt has properly exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A).

Butt "was diagnosed with rheumatoid arthritis, an abnormally functioning immune system, chronic inflammation and pain." ECF No. 541 at 6. He complains that he was recently taken off his immunosuppressive drug, which is not recommended by medical professionals. He claims this "is a strong indication that he is not able to provide selfcare and may not be receiving adequate care," especially because FCI Loretto is not containing the spread of COVID-19 *Id.* at 7. Although Butt contends that over 70% of the inmates at FCI Loretto were infected with COVID-19 as of December 23, 2020, the Bureau of Prisons reports only one current active case for inmates and 16 active staff cases.[2] It appears that FCI Loretto is adequately monitoring and caring for its inmates.

The Government notes that Butt's medication was discontinued because "the history was not supportive enough of a diagnosis of RA [rheumatoid arthritis] to justify continuing [him] indefinitely on a high-risk medication." ECF No. 546 at 7 (citing to Butt's medical records). His medical records indicate that this change in medicine has not adversely affected him. *Id.* Thus, the Government contends, there is no reason to believe he is not receiving adequate care.

Butt tested positive for COVID-19 on December 17, 2020. Fortunately, despite his underlying conditions, his symptoms were relatively mild. *Id.* at 8-9. Based on current medical information, it is likely he will retain some immunity from reinfection for a while. And the COVID-19 vaccines are being rolled out to inmates. Thus, there does not appear to be a significant likelihood of reinfection.

No doubt, the COVID-19 virus presents a risk to incarcerated people. It also presents a great risk to citizens who are not incarcerated. If Butt is released, he would still have the same risk of reinfection based on his medical condition because almost every state has been hit hard by

---

[2] https://www.bop.gov/coronavirus/ (last accessed 1/14/21).

the virus. Releasing him requires him to be transported, which would expose him and the U.S. Marshal or Bureau of Prisons personnel to greater risk of exposure. Release also necessitates greater interaction with Probation officers, to set up and continue monitoring him. Release also exposes Butt to reinfection from his family members or others he and his family come into contact with through daily activities. And because he is already infected, he may be a danger to the community as he could spread it to those with whom he lives and interacts.

    Butt has not presented extraordinary and compelling reasons to terminate his incarceration 23 months early. I therefore deny his motion for compassionate release.

Dated: January 14, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE